## BRINKERHOFF v. PEEK.

1. Witnesses—Attorney and Client—Privilege.

An attorney in whose hands notes against the same person have been placed for collection by both plaintiff and defendant may testify to a sale of plaintiff's note to defendant, where he further testifies that he acted in the transaction as attorney for the plaintiff, and not the defendant, and the latter denies that any sale of the note was made, but claims that it was indorsed to him merely for the purposes of suit.

2. Pleading—Admissions—Notice of Defense.

Defendant in an action to recover the purchase price of a promissory note cannot claim that the note was not delivered, where he pleads the general issue, and gives notice that he did not purchase the note from plaintiff, but received it for collection, and now holds it as an interest in a judgment rendered in his favor against the maker of the note.

Error to Grand Traverse; Corbett, J.    Submitted October 6, 1897.    Decided October 25, 1897.

*Assumpsit* by Peter S. Brinkerhoff against George W. Peek to recover the purchase price of a promissory note. From a judgment for plaintiff, defendant brings error. Affirmed.

*Underwood & Umlor*, for appellant.

*Patchin & Crotser*, for appellee.

MOORE, J.   Plaintiff recovered a judgment against defendant, from which judgment defendant appeals.

Prior to the making of the note in controversy, the defendant borrowed of plaintiff a sum of money.   At the time, he informed the plaintiff that one Saylor wanted to borrow $150, and was told by plaintiff that, if defendant would sign the note with Saylor, he would let him have the money.   This was done.   The note was not paid at maturity, but Saylor made payments of interest from time to time.   The note was placed by the plaintiff in the hands of Umlor & Pulcipher for collection.   The defendant had a note of $85 against Saylor, which he placed in the hands of the same firm for collection.   It is the claim of the plaintiff that an arrangement was made by which he sold the note owned by him to the defendant, and indorsed it over to him.   Mr. Peek sued Saylor for the $150 note and the $85 note, in the circuit court, and obtained judgment against him.   An execution was issued upon that judgment, which was returned unsatisfied. Mr. Peek afterwards filed a sworn bill in aid of this execution, and to set aside a conveyance of real estate by Mr. Saylor to his wife.

It is the claim of Mr. Peek that he never purchased the note of plaintiff, but that it was indorsed to him to enable suit to be brought upon both notes in one proceeding, at less expense, and for collection only, and that he never had any other interest in the note.   The testimony is very conflicting, and the trial judge charged the jury, in the plainest of language, that, if defendant bought this

note, he was liable; that, if he did not buy it, he was not liable; and the jury found he did buy it.

The defendant was a resident of New York. It is the claim of the plaintiff that the sale of the note was made by his attorney, Mr. Pulcipher, to Mr. Peek. Mr. Pulcipher testified to the transaction. Objection was made to Mr. Pulcipher's testifying, upon the ground that he was acting as the attorney for Mr. Peek; but Mr. Pulcipher testified that he was not acting for Mr. Peek in the sale to him, but was acting for Mr. Brinkerhoff, while Mr. Peek denied that any sale had ever been made to him. Taking the record as it stands, we think it was competent for Mr. Pulcipher to testify.

It is the claim of the defendant that as the amount to be paid for the note was $150, and the note never passed into the actual possession of the defendant, the transaction came within the statute of frauds, and was void. In this suit the defendant pleaded the general issue, and gave notice that he did not purchase the note from the plaintiff, "but received the same for collection, with other of defendant's claims, against one John Saylor, and now holds the same as an interest in a certain judgment rendered by the said court against said John Saylor, and in favor of this defendant." The circuit judge held that, in view of the pleadings, defendant could not now say that the note had not been delivered to him, and that the question for the jury to decide was whether the note was delivered because it was sold to defendant, as plaintiff claimed, or whether it was delivered for the purpose of collection, as defendant claimed. We do not think this was error.

Judgment is affirmed.

The other Justices concurred.